UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

      v.

TARIQ ANDREW GILLAM,
      a/k/a "Shay Nicole,"

                **INDICTMENT**

            Defendant.

_____/

The Grand Jury charges:

## COUNT 1
**(Sexual Exploitation and Attempted Sexual Exploitation of a Minor)**

On or about January 3, 2018, in Kalamazoo County, in the Southern Division of the Western District of Michigan,

**TARIQ ANDREW GILLAM,**
**a/k/a "Shay Nicole,"**

knowingly used, persuaded, induced, and enticed, and attempted to use, persuade, induce, and entice, a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct and such visual depictions were transmitted using any means or facility of interstate or foreign commerce.

Specifically, the defendant using the persona "Shay Nicole" used the messaging feature of a social media application to engage in communications with Victim 1, who was a boy approximately 11 years old. The defendant used a ruse to use, persuade, induce, and entice and attempted to use, persuade, induce, and entice Victim 1 to create and send sexually explicit images of himself to the

defendant. The images were sent to the defendant via the internet using a social media application.

**18 U.S.C. § 2251(a) and (e)**

<u>**COUNT 2**</u>
**(Sexual Exploitation and Attempted Sexual Exploitation of a Minor)**

On or about February 11, 2018, in Kalamazoo County, in the Southern

Division of the Western District of Michigan,

**TARIQ ANDREW GILLAM,**
**a/k/a "Shay Nicole,"**

knowingly used, persuaded, induced, and enticed, and attempted to use, persuade,

induce, and entice, a minor to engage in sexually explicit conduct for the purpose of

producing visual depictions of such conduct and such visual depictions were

transmitted using any means or facility of interstate or foreign commerce.

Specifically, the defendant using the persona "Shay Nicole" used the

messaging feature of a social media applications to engage in communications with

Victim 2, who was a boy approximately 14 years old. The defendant used a ruse to

use, persuade, induce, and entice and attempted to use, persuade, induce, and

entice Victim 2 to create and send sexually explicit images of himself to the

defendant. The images were sent to the defendant via the internet using a social

media application.

**18 U.S.C. § 2251(a) and (e)**

## COUNT 3
**(Sexual Exploitation and Attempted Sexual Exploitation of a Minor)**

On or about February 24, 2018, in Kalamazoo County, in the Southern

Division of the Western District of Michigan,

**TARIQ ANDREW GILLAM,**
**a/k/a "Shay Nicole,"**

knowingly used, persuaded, induced, and enticed, and attempted to use, persuade,

induce, and entice, a minor to engage in sexually explicit conduct for the purpose of

producing visual depictions of such conduct and such visual depictions were

transmitted using any means or facility of interstate or foreign commerce.

Specifically, the defendant using the persona "Shay Nicole" used the

messaging feature of a social media applications to engage in communications with

Victim 3, who was a boy approximately 10 years old. The defendant used a ruse to

use, persuade, induce, and entice and attempted to use, persuade, induce, and

entice Victim 3 to create and send sexually explicit images of himself to the

defendant. The images were sent to the defendant via the internet using a social

media application.

**18 U.S.C. § 2251(a) and (e)**

4

<u>COUNT 4</u>
**(Sexual Exploitation and Attempted Sexual Exploitation of a Minor)**

On or about February 25, 2018, in Kalamazoo County, in the Southern

Division of the Western District of Michigan,

**TARIQ ANDREW GILLAM,**
**a/k/a "Shay Nicole,"**

knowingly used, persuaded, induced, and enticed, and attempted to use, persuade,

induce, and entice, a minor to engage in sexually explicit conduct for the purpose of

producing visual depictions of such conduct and such visual depictions were

transmitted using any means or facility of interstate or foreign commerce.

Specifically, the defendant using the persona "Shay Nicole" used the

messaging feature of a social media applications to engage in communications with

Victim 3, who was a boy approximately 10 years old. The defendant used a ruse to

use, persuade, induce, and entice and attempted to use, persuade, induce, and

entice Victim 3 to create and send sexually explicit images of himself to the

defendant. The images were sent to the defendant via the internet using a social

media application.

**18 U.S.C. § 2251(a) and (e)**

5

## COUNT 5
### (Attempted Coercion and Enticement)

On or about January 3, 2018, in Kalamazoo County, in the Southern Division of the Western District of Michigan,

### TARIQ ANDREW GILLAM,
### a/k/a "Shay Nicole,"

used facilities and means of interstate or foreign commerce to communicate with an individual to attempt to knowingly persuade, induce, entice, and coerce an individual who defendant knew was under the age of 18 years to engage in sexual activity for which any person could be charged with a criminal offense.

Specifically, defendant used the internet to communicate with Victim 1, a boy he knew to be approximately 11 years old, to convince the boy to produce sexually explicit images of himself, in violation of Title 18, United States Code, Section 2251(a), as charged in Count 1 and incorporated herein.

**18 U.S.C. § 2422(b)**

## COUNT 6
### (Possession of Child Pornography)

Between about January 2018 and February 2018 in Kalamazoo County, in

the Southern Division of the Western District of Michigan, and elsewhere,

**TARIQ ANDREW GILLAM,**
**a/k/a "Shay Nicole,"**

knowingly possessed images of child pornography involving one or more minors who

had not attained 12 years of age, including, but not limited to, one or more of the

images charged in Counts 1, 2, 3 and 4 and incorporated herein.  Such images had

been shipped or transported using any means or facility of interstate or foreign

commerce.

**18 U.S.C. § 2252A(a)(5)(B) and (b)(2)**
**18 U.S.C. § 2256(8)(A)**

## FORFEITURE ALLEGATION
### (Sexual Exploitation of a Minor and
### Distribution and Possession of Child Pornography)

The allegations contained in Counts 1, 2, 3, 4 and 6 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 2253.

Pursuant to 18 U.S.C. § 2253, upon conviction of one or more of the offenses in violation of 18 U.S.C. §§ 2251 and 2252A,

### TARIQ ANDREW GILLAM,
### a/k/a "Shay Nicole,"

shall forfeit to the United States of America any visual depiction described in 18 U.S.C. §§ 2251 and 2252A; any matter which contains any such visual depiction that was produced, transported, mailed, shipped, and received in violation of Title 18, United States Code, Chapter 110; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses; and any property, real or personal, used or intended to be used to commit or to promote the commission of the offenses or any property traceable to such property.  The property to be forfeited, as to all counts, includes, but is not limited to, the following:

1. Black iPhone, model A1784;
2. White iPhone, model A1687, IC 579C-E2944A;
3. Red LG cellular telephone, 309CIHE725705;
4. Silver LG cellular telephone, 304KS0642202;
5. Blue Toshiba tablet device;
6. VAIO computer, 27516082 7016889;
7. Samsung laptop computer, BA68-06132A 10;
8. Acer laptop computer, model X15C; and
9. PS4, RB460085531.

8

If any of the property described above, as a result of any act or omission of the defendant:

      a.  cannot be located upon the exercise of due diligence;

      b.  has been transferred or sold to, or deposited with, a third party;

      c.  has been placed beyond the jurisdiction of the court;

      d.  has been substantially diminished in value; or

      e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and by 28 U.S.C. § 2461(c).

**18 U.S.C. § 2253**
**21 U.S.C. § 853(p)**
**28 U.S.C. § 2461(c)**
**18 U.S.C. § 2251**
**18 U.S.C. § 2252A**

**FORFEITURE ALLEGATION**
**(Attempted Coercion and Enticement)**

The allegations contained in Count 5 of the Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 2428.

Pursuant to 18 U.S.C. § 2428, upon conviction of an offense in violation of 18 U.S.C. § 2422 set forth in Count 5 of the Indictment,

**TARIQ ANDREW GILLAM,**
**a/k/a "Shay Nicole,"**

shall forfeit to the United States of America, any property, real or personal, used or intended to be used to commit or to facilitate the commission of the offense and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense.

1. Black iPhone, model A1784;
2. White iPhone, model A1687, IC 579C-E2944A;
3. Red LG cellular telephone, 309CIHE725705;
4. Silver LG cellular telephone, 304KS0642202;
5. Blue Toshiba tablet device;
6. VAIO computer, 27516082 7016889;
7. Samsung laptop computer, BA68-06132A 10;
8. Acer laptop computer, model X15C; and
9. PS4, RB460085531.

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property

pursuant to 21 U.S.C. § 853(p) as incorporated by 28 U.S.C. § 2461(c).

**18 U.S.C. § 2428**
**21 U.S.C. § 853(p)**
**28 U.S.C. § 2461(c)**
**18 U.S.C. § 2422**


A TRUE BILL

_____
GRAND JURY FOREPERSON


MARK A. TOTTEN
United States Attorney

_____
DANIEL Y. MEKARU
Assistant United States Attorney